**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **G & G CLOSED CIRCUIT EVENTS LLC**<br><br>Plaintiff,<br><br>vs.<br><br>**ELVIS GUSTAVO AYAVACA AND LATIN ESCAPE BAR & RESTAURANT LLC**<br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br><br><br><br>**MAY 14, 2024** |

**COMPLAINT**

NOW COMES **G & G CLOSED CIRCUIT EVENTS LLC**, by and through its attorney and for its Complaint against **ELVIS GUSTAVO AYAVACA** and **LATIN ESCAPE BAR & RESTAURANT LLC**, states as follows:

**THE PARTIES**

1. Plaintiff, G & G Closed Circuit Events LLC is, and was, at all relevant times mentioned herein was, a California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

2. Defendant, Elvis Gustavo Ayavaca, is a Connecticut resident, having a principal place of residence at 43 Van Zant Street, Apartment 1, Norwalk, Connecticut and, at all times mentioned herein, the member, and manager, of defendant, Latin Escape Bar & Restaurant LLC.

3. Defendant, Latin Escape Bar & Restaurant LLC, at all times mentioned herein was, and remains, a limited liability company, organized, and existing, under the laws of the State of Connecticut and which operates a commercial restaurant and bar

establishment called "Latin Escape Bar & Restaurant", and having a principal place of business at 501 Boston Post Road, Orange, Connecticut 06477.

## JURISDICTION

4. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

5. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Connecticut.

7. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Connecticut, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

8. At all times relevant hereto, defendants, operated a restaurant and bar establishment under the name of Latin Escape Bar & Restaurant having a principal place of business at 501 Boston Post Road, Orange, Connecticut 06477.

9. On May 29, 2021, defendant, Elvis Gustavo Ayavaca , was the sole member and manager of defendant, Latin Escape Bar & Restaurant LLC.

10. At all times relevant hereto, defendant, Elvis Gustavo Ayavaca, was the individual specifically identified on the State of Connecticut Cafe Liquor License issued for Latin Escape Bar & Restaurant (#LCA.0008327).

11. On information and belief, on May 29, 2021 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19 hereinbelow), Defendant, Elvis Gustavo Ayavaca, had the right and ability to supervise the activities of Latin Escape Bar & Restaurant, which included the unlawful interception of Plaintiff's *Program.*

12. On information and belief, on May 29, 2021 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant, Elvis Gustavo Ayavaca had the obligation to supervise the activities of Latin Escape Bar & Restaurant, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business license was not used in violation of law.

13. On information and belief, on May 29, 2021 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendants specifically directed or permitted the employees of Latin Escape Bar & Restaurant to unlawfully intercept and broadcast Plaintiff's *Program* at Latin Escape Bar & Restaurant, or

3

intentionally intercepted, and/ or published the *Program* at Latin Escape Bar & Restaurant themselves.

14. The actions of the employees of Latin Escape Bar & Restaurant LLC are directly imputable to said Defendants by virtue of these defendants' acknowledged responsibility for the operation of Latin Escape Bar & Restaurant.

15. On information and belief, on May 29, 2021, defendants had an obvious and direct financial interest in the activities of Latin Escape Bar & Restaurant, which included the unlawful interception of Plaintiff's *Program.*

16. On information and belief, the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants resulted in revenues for Latin Escape Bar & Restaurant.

17. On information and belief Defendant, Elvis Gustavo Ayavaca, is the owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or individual with dominion, control, oversight and management of the commercial establishment doing business as Latin Escape Bar & Restaurant operating at 501 Boston Post Road, Orange, ConnecticutT.

## **COUNT I**

### **(Violation of Title 47 U.S.C. Section 605)**

18. Plaintiff, G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Devin Haney v Jorges Linares*

*Championship Fight Program,* telecast nationwide on May 29, 2021 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

20. Pursuant to contract, Plaintiff, G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Connecticut, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

21. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff, G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

22. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to said Defendants, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Orange, Connecticut located at 501 Boston Post Road.

23. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff, G & G Closed Circuit Events, LLC, had the distribution rights thereto).

25. By reason of the aforesaid mentioned conduct, the Defendants violated Title 47 U.S.C. Section 605, *et seq.*

26. By reason of the Defendants violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff, G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

27. As the result of the Defendants violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, G & G Closed Circuit Events, LLC, is entitled to the following from each defendant:

    (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

28. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1- 23 hereinabove, inclusive, as though set forth herein at length.

29. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the Defendants, was prohibited by Title 47 U.S.C. Section 553, *et seq.*

30. By reason of the aforesaid mentioned conduct, said Defendants violated Title 47 U.S.C. Section 553, *et seq.*

30. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

32. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff, G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, G & G CLOSED CIRCUIT EVENTS, LLC prays that judgment be entered against defendants, ELVIS GUSTAVO AYAVACA and LATIN ESCAPE BAR & RESTAURANT LLC, as follows:**

**As to the First Count:**

1. Statutory damages in the amount of $110,000.00 against the Defendants;

2. Reasonable attorneys' fees as pursuant to 47 U.S.C. §605(e)(3)(C)(ii);

3. Costs of suit; and

4. For such other and further relief as this Honorable Court may deem just, equitable and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants;

2. Reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to 47 U.S.C. §553(c)(2)(C);

3. Costs of suit; and;

4. For such other and further relief as this Honorable Court may deem just and proper.

                                         G & G CLOSED CIRCUIT EVENTS LLC

Dated: _05/14/2024_              By: __/s/Joel M. Jolles ct02249__
                                         JOEL M. JOLLES
                                         P.O. Box 185418
                                         Hamden, CT 06518
                                         (203) 230-5893
                                         Facsimile: (203) 230-5918
                                         jolles.law@sbcglobal.net
                                         Fed. #ct0224